Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2118 | **DATE** | 2/13/2001 |
| **CASE TITLE** | Sarullo vs. Sendor, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3/29/2001 at 2:30 P.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated above, the motion to dismiss is granted. Counts II and III are dismissed with prejudice. Count I is dismissed without prejudice, and plaintiff is given 21 days from the date of this order to file an amended complaint naming the proper defendant. (3-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 15 2001 | 10 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | /mw/ | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | FEB 14 AM 9:46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL J. SARULLO, | ) | **DOCKETED** |
| Plaintiff, | ) | FEB 1 5 2001 |
| | ) | |
| | ) No. 00 C 2118 | |
| v. | ) | |
| | ) | |
| VAL SENDOR, Individually and in her | ) Judge John A. Nordberg | |
| capacity as Postmaster of Highwood, and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| HIGHWOOD, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendants' motion to dismiss Count I without prejudice and Counts II and III with prejudice. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Samuel Sarullo worked as a window clerk at the Highwood Illinois office of the United States Postal Service ("USPS"). As explained more fully below, he alleges that the postmaster of that office -- defendant Val Sendor -- sabotaged his work efforts in a plan to have him fired and then replaced by an individual in his late 20's or early 30's.

Plaintiff has filed a three-count complaint. Count I, which is brought only against defendant USPS, is a claim for age discrimination pursuant to the Age Discrimination in Employment Act, 28 U.S.C. § 623 *et seq*. Counts II and III are state law tort claims asserted only against defendant Val Sendor in her individual capacity. Count II is a claim for tortious

interference with contract, asserting that Sendor interfered with plaintiff's oral contract with the USPS. Count III is a claim for tortious interference with prospective advantage, asserting that Sendor interfered with plaintiff's future relationship with the USPS and with his ability to contract with the American Postal Workers Union. The same allegations of the complaint (¶¶ 1-28) support each of the three claims.

## **DISCUSSION**

Defendants seek to dismiss Count I without prejudice based on the fact that plaintiff has not named the proper defendant. Specifically, defendants assert that plaintiff must sue the Postmaster General and not the USPS. *See Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986). Rather than trying to dispute this point, plaintiff simply asks that he be given leave to file an amended complaint with the correct defendant. Accordingly, plaintiff will be given 21 days from the date of this ruling to file an amended complaint to remedy this specific defect.

Defendants seek to dismiss Counts II and III with prejudice. Their main argument – and the one we find dispositive – is that the two claims against defendant Val Sendor relate to acts done in the scope of her employment. Both sides agree that, if Sendor's acts were within the scope of her employment, then Counts II and III should be dismissed with prejudice because those claims may only be brought against the United States under the Federal Tort Claims Act ("FTCA") and because (among other things) the FTCA specifically reserves immunity for claims arising out of interference with contract rights. 28 U.S.C. § 2680(h).

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), defendants have filed a "scope certification," stating that defendant Sendor was acting within the scope of her employment at

the time of the incidents referred to in the complaint. The filing of this certification establishes a presumption that Sendor was acting in her official capacity. Plaintiff then has the burden of showing that the acts in question are outside the scope of employment, and plaintiff must come forward with specific facts to rebut this presumption. *Toboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998); *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991); *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996).[1]

The question whether an employee was acting in the scope of employment is governed by the law of the state where the incident took place, which in this case is Illinois. Illinois follows the Restatement of Agency. *Gaffney v. City of Chicago*, 706 N.E.2d 914, 919-20 (Ill. App. Ct. 1999). The following three factors guide the analysis:

> Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master.

*Id.* As noted in *Gaffney*, "[t]he term 'scope of employment' has been characterized as a 'highly indefinite phrase' which 'refers to those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment.'" *Id.* at 919 (*quoting* Prosser & Keeton on Torts).

---

[1] In their motion to dismiss, defendants have not sought contest the facts set forth in the complaint. We will therefore take those facts as true for purposes of deciding this motion. *See generally Tobias*, 149 F.3d at 581 (if the government seeks to contest the facts set forth in the complaint, then the issue should be decided on a motion for summary judgment and may require an evidentiary hearing).

Applying this test here, we find that plaintiff has not overcome the presumption that Sendor acted within the scope of her employment. As the defendants point out, the ultimate conduct that Sarullo complains about is his termination from the USPS. There is no real dispute that disciplining subordinate employees would be within the scope of Sendor's employment.

Rather than focusing on Sendor's overall authority to discipline employees, plaintiff focuses on three specific acts allegedly taken by Sendor. First, Sendor allegedly reprimanded plaintiff for failing to sign out accountable mail but then did not reprimand other workers for the same offense. (Cmplt. ¶¶ 15-17.) Second, Sendor allegedly allowed the key to the delivery truck to be kept in an office available to anyone, "leaving open the possibility" that someone would remove mail from plaintiff's truck and thus subject him to discipline and even criminal liability. (Id. at ¶ 18.) Third, Sendor allegedly hid mail that plaintiff was supposed to deliver in an effort to make him appear incompetent. (Id. at ¶ 19.)[2]

None of these three specific acts is enough to overcome the presumption that Sendor was acting in the scope of her employment. There is no dispute they all were done in the authorized time and space limits of Sendor's job. In general, these acts were "of the kind" she was employed to do. The act of disciplining plaintiff for failing to sign out accountable mail is clearly such an act. The decision about where to keep the key for the delivery truck also seems related to the supervision of the office. Hiding mail may not be such an authorized act, although

---

[2]The above three acts are the only acts identified in the complaint. In his response brief, however, plaintiff identifies two other alleged acts by Sendor: (i) ordering bulk mail delivered to unoccupied houses so that it will be lost; and (ii) ordering bulk mail thrown away. Defendants argue that these acts were not identified in the complaint and should not be considered here. Plaintiff states that he should be allowed to add these acts when he amends his complaint.

-4-

it is not inconceivable that a supervisor would hide mail as part of a test to monitor an employee's performance.

But even if hiding mail was improper or not authorized, this fact is not dispositive. The fact that an employee engages in a forbidden act does not mean that the act is outside the scope of employment. *See Gaffney*, 706 N.E.2d at 923 (citing with approval the Restatement principle that "[a]n act, although forbidden, or done in a forbidden manner, may be within the scope of employment"). As plaintiff points out in his brief, even criminal acts may fall within the scope of employment if they further the employer's business. *See* 8/21/00 Pls Resp. at 5, *citing Webb v. Jewel Cos.*, 485 N.E.2d 409, 411 (Ill. App. Ct. 1985).

The critical question is thus whether the acts here were done to serve the interest of the employer and not for the employee's own personal interests. This issue goes to the third prong of the Restatement test. Plaintiff argues that Sendor was trying to set him up to fail in his job so that he could be replaced by a younger worker. Even assuming this fact is true, Sendor still could have believed -- perhaps mistakenly -- that her employer would be better served with another individual in the job instead of plaintiff. *See generally Burlington Indus. v Ellerth*, 524 U.S. 742, 757 (1998) ("There are instances . . . where a supervisor engages in unlawful discrimination with the purpose, mistaken or otherwise, to serve the employer.").

Plaintiff has simply failed to allege any fact from which one could reasonably infer that Sendor was acting for her own personal interests. For example, there is no suggestion that Sendor had some personal dispute outside of work with plaintiff or that Sendor would somehow profit personally from firing plaintiff and replacing him with this other individual. As we have said, the fact that Sendor arguably may have used "improper methods" is not enough if those

methods were used to achieve an objective of her employer. *See Gaffney*, 706 N.E.2d at 919. In sum, plaintiff has failed to allege the particularized facts needed to overcome the presumption that Sendor was acting within the scope of her employment. Counts II and III will therefore be dismissed with prejudice.[3]

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted. Counts II and III are dismissed with prejudice. Count I is dismissed without prejudice, and plaintiff is given 21 days from the date of this order to file an amended complaint naming the proper defendant.

**ENTER:**

_/s/ John A. Nordberg_
JOHN A. NORDBERG
Senior United States District Court Judge

DATED: Feb. 13, 2001

---

[3]As noted above, *see supra* note 2, in his response brief, plaintiff also identified two additional alleged acts committed by Sendor. Even if we allowed plaintiff to amend his complaint to add these acts, we would come to the same conclusion as stated above with regard to the three acts in the complaint. Although these two additional acts, like hiding the mail, may not be the kind of acts Sendor was employed to do, there is still no suggestion that the purpose or motivation for these acts was anything but a desire to help her employer. Or, stated differently, there is still no evidence of any personal interest or motivation.